By the Court.
A demurrer to a plea in bar to an indictment should be sustained where it appears from the plea that the offense charged in the indictment and 'the offense of which the defendant claims to have theretofore been acquitted, convicted or pardoned is not the same offense.
In the trial of an accused upon an indictment charging the obtaining of money under false pretenses it is error in the court to exclude evidence tending to prove that the defendant had theretofore been convicted of embezzlement of the same money *297 or property that is alleged in the indictment to have been proeúred by false pretenses. The record of the former indictment and proceedings had thereunder is competent evidence tending to show a former conviction of embezzlement of the same funds; in addition thereto the defendant must show by further evidence that he is the same person named in the former indictment, that the transaction is the same and the funds identical.
To constitute embezzlement it must appear from the evidence that the accused obtained possession of the money or property claimed to have been embezzled by him by virtue of his election, appointment or employment as an officer, attorney at law, agent, clerk, guardian, executor, administrator, trustee, assignee in insolvency, officer of a lodge or subordinate body of a fraternal or mutual benefit society, servant or employe of a person.
To constitute the crime of obtaining property by false pretenses it must appear from the evidence that the accused wrongfully and unlawfully obtained possession of the property by means of false pretenses. .
A separate count charging each crime may be contained in one indictment, but upon the trial of such indictment the court should instruct the jury that the accused cannot be found guilty of both crimes in reference to the same money or property.
The rule is not different where these crimes are charged in separate indictments, and if it appear from the evidence that the state has theretofore procured conviction for the embezzlement of money, *298 the accused cannot be found guilty upon a second indictment of obtaining the same money by false pretenses.
It is further provided by Section 13578 that if there be pending against the same defendant two or more indictments for the same criminal act, the prosecuting attorney must elect upon which he will proceed, and upon trial being had upon one of them the remaining indictment or indictments shall be quashed.
It therefore follows that if these separate indictments had been returned by the same grand jury, and it were made to appear to the court that they were different indictments for the same criminal act, the state would have been required to elect upon which indictment it would proceed to trial.
It is error for a court, upon the trial of the second indictment for obtaining money under false pretenses, to charge the jury that it cannot consider any question relating to a previous conviction for embezzlement of the same property.
. Where an indictment contains three counts, one count charging forgery, another charging the issuing of a false and forged instrument, the third charging the obtaining of money under false pretenses, and the state relies for conviction on the third count in the indictment, charging the obtaining of money under false pretenses, solely upon the fact that the check presented to the bank for payment was a forged instrument, and .that the defendant, either having forged the same or knowing it to have been forged, presented it for payment, *299 and the jury finds that the defendant is not guilty of forgery and not guilty of issuing a false and forged instrument, it should return a verdict of not guilty of obtaining money under false pretenses.
In the trial of this case the court properly charged the jury that “The defendant cannot be convicted of obtaining money under false pretenses on the third count as charged in this indictment, unless this check was forged or altered at the time he presented it to the bank. False pretenses consist in making a representation to another of an existing fact, which the party making it knows to be false at the time, with the intent that the party to whom they are made should act upon them and the party must act upon them to its detriment.”
No withstanding this charge of the court the jury found the accused not guilty of forgery and not guilty of uttering a false and forged instrument in writing, but, nevertheless, found the accused guilty of obtaining money under false pretenses as charged in the third count of this indictment.
No evidence whatever was offered by the state of any other false pretenses except that the check was forged and that the defendant, either having forged the same or knowing it to be forged, presented it to the bank and obtained the money upon it. It follows, therefore, that if this defendant was not guilty of forging this check and not guilty of issuing a forged check, knowing it to be forged, he could not be guilty of obtaining money by false pretenses when no other false pretenses were relied upon or sougjit to be proven by the state.
*300 The judgment of the common pleas court and the judgment of the court of appeals affirming the same are reversed, and cause remanded.

Judgments reversed, and cause remanded.

Nichols, C. J., Johnson, Donahue, Wanamaker, Jones and Matthias, JJ., concur.